## BURNS v. CHUBB.

### No. 12015.

United States District Court
E. D. Pennsylvania.

June 29, 1951.

Richter, Lord & Farage, B. Nathaniel Richter, Philadelphia, Pa., for plaintiff.

Lemuel B. Schofield, Marvin Comisky, Philadelphia, Pa., for defendant.

WELSH, District Judge.

On the ground that this Court lacks jurisdiction the motion of the defendant to dismiss will be granted and the motion of the plaintiff to transfer will be denied.

For this Court to acquire complete jurisdiction in a civil action based only on diversity of citizenship it must appear that:

1. There is diversity of citizenship and the amount in controversy, exclusive of interest and costs, is in excess of $3,000;

582

2. The action was brought in the district where either the plaintiff or defendant resides;

3. Service of process in accordance with the law was made upon the defendant.

In the present action which is based only on diversity of citizenship, it is conceded that there is diverse citizenship between the parties (plaintiff is a resident and citizen of New Jersey and the defendant is a resident and citizen of Pennsylvania) and that the amount in controversy exceeds, exclusive of interest and costs, $3,000.

■ However, it is clear that the present action was not brought in the district where either the plaintiff or the defendant resides, for it was brought in the Eastern District of Pennsylvania and the plaintiff resides in New Jersey and the defendant resides in Halifax, Dauphin County, Pennsylvania which is in the Middle District of Pennsylvania.

As the action was not brought in a proper district, this Court lacks jurisdiction and it is unnecessary to determine whether or not service of process upon the defendant was made in accordance with the law.

■ Counsel for plaintiff argues however, that this Court under section 1404(a), Title 28 U.S.C.A., has the authority to grant the motion to transfer the action to the Middle District of Pennsylvania. That Section provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

As authority for the proposition that a "civil action" was "brought" in the instant case within the scope of said section 1404(a) said counsel for plaintiff cites Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that "A civil action is commenced by filing a complaint with the court".

We cannot agree with counsel's interpretation of section 1404(a). In our view a "civil action" was "brought" within the meaning of section 1404(a) not when a complaint was filed with the Court, but when the Court acquired jurisdiction over the person and the subject matter. We

have already determined that this Court lacks jurisdiction for the reason that the action was not brought in a proper district.

■ Accordingly, this Court is without authority to transfer the action to any other district where it might have been brought.

An Order in accordance with the foregoing opinion will be prepared and submitted.