Chester ORZULAK

v.

**FEDERAL COMMERCE AND NAVIGATION COMPANY, Ltd.**

Civ. A. No. 20996.

United States District Court
E. D. Pennsylvania.

Nov. 5, 1958.

Bernard Chazen, Hoboken, N. J. (Baker, Garber & Chazen, Hoboken, N. J., of counsel), S. Gerald Litvin, of Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Mark D. Alspach, of Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This case comes before the court on plaintiff's motion to transfer this action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C.A. §§ 1404(a) and 1406(a).

On July 6, 1956, plaintiff instituted this action to recover for an injury alleged to have been suffered, as a result of negligence and unseaworthiness, on or about July 8, 1954, aboard the S.S. Federal Voyager while it was berthed in this District.[1] The defendant is a Canadian corporation owning the S.S. Federal Voyager and this court has granted its motion to set aside service on its alleged agent in this District. This ship has only been in this District once—namely, from July 7, 1954, to July 10, 1954. On or about June 25, 1958, plaintiff filed another action in the United States District Court for the Southern District of New York to recover for the same accident which it is claimed took place in this District. The defendant has moved to dismiss that action, both because of improper service and on the ground that the statute of limitations is a bar.

Plaintiff has filed an affidavit containing these paragraphs (Document No. 12 in Clerk's file):

"11. In examining the Manhattan (New York City) Telephone Directory 1957–1958, I find the following listing:

"'Federal Commerce & Navigation Co., Ltd.

60 E. 42    MUryhil 2–3912'

"During the summer, I called the above listed telephone number and was advised by the telephone opera-

---

1. The plaintiff was an employee of the U. S. Steel Corporation, which was doing some work on the vessel while it was in the Delaware River at the Steel Corporation's Morrisville plant. Plaintiff was employed by that corporation in this District.

tor that I had reached the office of the defendant.

"12. I learned recently that the S.S. 'FEDERAL VOYAGER' was in the Port of New York in July, 1958."

The 1958–1959 issue of the Manhattan, New York City, Telephone Directory has the following listing, as well as that quoted above:

"Atlantic Commerce and Shipping Co. Inc.,
60 E. 42   MUryhil 2–3912"

Defendant has filed an affidavit (Document No. 13 in Clerk's file), in opposition to the above motion, containing this language:

"Defendant is a Canadian corporation, with offices in Montreal, Canada, with which said Atlantic has had some business dealings in the past of a specific, sporadic nature. Atlantic has on occasion advised the named defendant of charter opportunities for vessels owned by the defendant for which services it has been paid by Federal Commerce and Navigation Company, Ltd. However, Atlantic does not act as agent for defendant's vessels, keeps no accounts for defendant, is not authorized to accept process for defendant, nor can it act on behalf of defendant without defendant's specific approval. Deponent is not able to state whether Atlantic was acting on behalf of defendant at the time of the alleged accident but states that, as of the date of service of process herein, it was not acting as the defendant's managing or steamship agent and that it is beyond Atlantic's authority to accept process on the defendant's behalf."

Under 28 U.S.C.A. §§ 1404(a) and 1406(a), this suit may only be transferred to the Southern District of New York if it could "have been brought" there. 28 U.S.C.A. § 1391(c) provides that defendant may be sued in that District if it is "doing business" there.[2] The record shows that the defendant has an office in New York and that the ship involved in this accident was present in that port as recently as last July. Defendant's affidavit does not deny that it is "doing business" in the Southern District of New York, but only alleges that Atlantic Commerce & Shipping Co., Inc. (herein called "Atlantic") is not its authorized, or a proper, agent to receive service of process. Under these circumstances, this record justifies a finding that the suit could "have been brought" in the Southern District of New York.[3]

On this record, it is clear that this was a normal District for plaintiff to select in instituting its action, since the accident happened here and plaintiff worked here. Under the facts present in this record, the plaintiff is entitled to have his motion granted. The absence of any personal jurisdiction over the defendant by this court does not prevent the transfer of this action to another Federal District Court for the reasons so well stated by the late Chief Judge Parker in Internatio-Rotterdam, Inc., v.

2. It is not necessary to consider whether a corporation organized under the laws of a foreign state is an "alien" within the meaning of 28 U.S.C.A. § 1391(d).

3. Although it is not necessary for this court to decide whether service of process on Atlantic will be stricken, the above-quoted paragraph from defendant's affidavit of October 15, 1958, does not establish the position of Atlantic at the time service will be made on it in this case. Furthermore, service might be made on an authorized employee of defendant at 60 E. 42nd Street, New York City, or on an agent of defendant other than Atlantic, as far as this record shows. Also, it is noted that § 902 ff. of the New York Civil Practice Act would appear to provide a method whereby jurisdiction might be secured over defendant if any of its property could be found in the Southern District of New York. Cf. Willis v. Weil Pump Company, D.C. S.D.N.Y.1954, 130 F.Supp. 896, 897, affirmed 2 Cir., 1955, 222 F.2d 261, and § 225(4) of the New York General Corporation Law, McKinney's Consol.Laws c. 23.

Thomsen, 4 Cir., 1955, 218 F.2d 514, 515–517.[4] See, also, Petroleum Financial Corp. v. Stone, D.C.S.D.N.Y.1953, 116 F. Supp. 426.[5] In All States Freight v. Modarelli, 3 Cir., 1952, 196 F.2d 1010, Judge Goodrich pointed out, at page 1011, that 28 U.S.C.A. § 1404(a) avoided the danger of having a plaintiff's action barred by the statute of limitations through having to start another suit in the forum found to be appropriate. This reasoning seems equally applicable to 28 U.S.C.A. § 1406(a).

■ Since there are several cases [6] using language which, if applicable to the facts of this case, would result in denial of the transfer and since the plaintiff would be barred by the statute of limitations if the transfer is denied, the trial judge finds that the order granting the transfer involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ulti-

mate termination of the litigation.[7] The Report of the Committee on Judiciary of the House of Representatives [8] on Public Law 85–919 (28 U.S.C.A. § 1292(b)) listed one category of cases in which interlocutory appeals under that law would be proper, as follows: "(d) Cases relating to the transfer of the action where it is claimed that the transfer is not authorized by law." Cf. Milbert v. Bison Laboratories, Inc., 3 Cir., 260 F.2d 431. In Deepwater Exploration Co. v. Andrew Weir Ins. Co., D.C.E.D.La.1958, 167 F.Supp. 185, the court points out that Chief Judge Parker stated that the drafters of this law intended this category to cover "those cases in which transfer is ordered and it is claimed that the transferee court 'would have had no jurisdiction.' "[9]

By granting the certification provided for in Public Law 85–919, there is no need to grant a stay of proceedings and the undersigned would not grant such a stay in this case.[10]

---

4. It is noted that Chief Judge Parker was judicial consultant to the Advisory Committee which worked with Congress on the 1948 revisions of Title 28 U.S.C.A., which include both § 1404(a) and § 1406(a) of 28 U.S.C.A.

5. Cases such as Burns v. Chubb, D.C.E.D. Pa.1951, 99 F.Supp. 581, relied on by defendant, seem to the undersigned quite distinguishable on their facts.

6. See Hargrove v. Louisville & Nashville Railroad Company, D.C.W.D.Ky.1957, 153 F.Supp. 681, 683; Wilson v. Kansas City Southern Ry. Co., D.C.W.D.Mo. 1951, 101 F.Supp. 56, 60; Burns v. Chubb, supra. It is noted that all of the above cases rely on 28 U.S.C.A. § 1404(a), whereas 28 U.S.C.A. § 1406(a) is more applicable in this case.

7. If the defendant's contention is correct (see pp. 5–8 of its brief attached to this Memorandum Opinion), the case will be terminated, without the necessity of a trial, by a prompt appeal.

8. House Report 1667, 85th Cong., 2d Sess., pp. 1–2.

9. The court went on to say:
   " 'Obviously Judge Parker was referring to that restriction in 1404(a) which allows the transfer only "to any other district or division where it might have been brought." Judge Parker apparent-

ly had in mind testing on interlocutory appeal, in cases where there is "substantial ground for difference of opinion," the jurisdiction or venues of the transferee court, rather than have such test await final judgment after the entire case has been fully tried in the transferee court. This apparently is the type of transfer order, which "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," Judge Parker was referring to. This is the kind of transfer referred to as "not authorized by law" by Judge Parker in his statement before the Committee, as well as by the Committee itself in its report to the House of Representatives, * * *.' "

10. If the defendant applies to the United States Court of Appeals for the Third Circuit for permission to appeal, the Complaint, the Motion, the Answer to the Motion, and the affidavits referred to above (being Documents Nos. 1, 9, 10, 12 and 13 in the Clerk's file) can be photographed by defendant for certification to the United States Court of Appeals for the Third Circuit and the Clerk's file may be forwarded to the United States District Court for the Southern District of New York. In the event of such

For the foregoing reasons, an order will be entered transferring this action to the United States District Court for the Southern District of New York and the statement contemplated by Public Law 85–919 will be included in the order.

application, this opinion, with the briefs attached, should be forwarded to the United States Court of Appeals for the Third Circuit and a copy forwarded to New York with the file.