John V. VIAGGIO

v.

J. Meade FIELD.

Civ. A. No. 11499.

United States District Court
D. Maryland, C. D.

Oct. 10, 1959.

John J. O'Connor, Jr. (O'Connor & Preston), Baltimore, Md., for plaintiff.

James D. Peacock, John H. Mudd, Semmes, Bowen & Semmes, Baltimore, Md., for defendant.

CHESNUT, District Judge.

The matter presently before the court is whether this damage suit arising from an automobile collision in Maryland, should be transferred to the District Court, Eastern District of Pennsylvania under title 28 U.S.C.A. §§ 1404 (a) or 1406(a), on plaintiff's motion to transfer, or whether the suit should be dismissed on the motion of the defendant because improperly filed in this court, as not within the proper venue under title 28 U.S.C.A. § 1391(a) in that this district is not the residence of either the plaintiff, a citizen of Florida, or the defendant, a citizen of Pennsylvania.

The facts giving rise to the present controversy are relatively simple. On July 28, 1956 the plaintiff and the defendant were involved in an automobile collision within the territorial limits of the District of Maryland. Thereafter, on July 14, 1959 the plaintiff filed his complaint in this district based on the alleged negligence of the defendant. Jurisdiction was based on diversity of citizenship between the plaintiff and defendant and the sum in controversy exclusive of interest and costs, exceeded $10,000. Title 28 U.S.C.A. § 1332. Service of process upon the defendant was effected by means of substituted service on the Secretary of State of Maryland under the provisions of the Maryland Non-resident Motorists Statute, Md.Code 1957, Art. 66½, § 115.

It is to be noted that suit was filed in this district barely two weeks before the expiration of the Maryland three-year statute of limitations (Md.Code 1957, Art. 57, § 1) and nearly one year *after the expiration* of the two-year Pennsylvania statute of limitations (Purdon's Penna.Stat.Ann. 12, § 34).

Thereupon on August 5, 1959 defendant filed a motion to dismiss alleging improper venue under the provisions of 28 U.S.C.A. § 1391(a), and the case of Olberding v. Illinois Cent. R. Co., 1953, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39, which held that state non-resident motorists statutes were not a waiver of the federal venue statute. On September 8, 1959 the plaintiff countered with a motion to transfer the case "in the interest of promoting substantial justice" to the Eastern District of Pennsylvania pursuant to 28 U.S.C.A. § 1404(a) and § 1406(a).

Sec. 1404 of title 28 reads:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The section is based upon the doctrine of *forum non conveniens* and is a relaxation of the rigors of dismissal required by that doctrine. Both the legislative history of the section and the judicial decisions construing it show that, like the doctrine of *forum non conveniens* § 1404 (a) presupposes that the suit has been filed in a district where there is present both federal general and federal venue jurisdiction. Otherwise there is no *power* in the court to transfer the case to another district. See Blackwell v. Vance Trucking Co., D.C.E.D.S.C.1956, 139 F. Supp. 103; Burns v. Chubb, D.C.E.D. Pa.1951, 99 F.Supp. 581, and Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 504, 67 S.Ct. 839, 841, 91 L.Ed. 1055, where the court, through Mr. Justice Jackson, said:

"Indeed the doctrine of *forum non conveniens* can never apply if there is absence of jurisdiction or mistake of venue." In the Blackwell case, District Judge Paul, at page 110 of 139 F.Supp., quotes from United States v. E. I. Du Pont de Nemours & Co., D.C.D.C.1949, 83 F.Supp. 233, 234, as follows:

"The new provision (§ 1404(a)) assumes that the action has been filed in a jurisdiction where venue may be proper-

ly laid, for if it has not been so brought, it is subject to dismissal." It is clear from these authorities that, absent a waiver of venue by the defendant and no such waiver appears in the instant case, this court lacks the power under § 1404 (a) of title 28 U.S.C.A., to transfer this case to the Eastern District of Pennsylvania as the requirements of venue are not met in the District of Maryland. Nor is anything shown that it would be to the convenience of witnesses to make the transfer.

Section 1406 of title 28 presents a somewhat different problem. It reads: "(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." No case involving precisely the same facts with respect to the statutes of limitations as the instant case has been found, though there are numerous cases dealing with transfers under § 1406(a). The majority of the decisions deal with factual situations wherein suit was filed within the applicable period of limitations of both the transferor and transferee forums.

The plaintiff cites some cases holding that under § 1406(a) a transfer can or should be made to another district where there is proper venue, but on examination it will appear that in those cases the transfer was sought to the district where limitations had not expired. See Dennis v. Galvanek, D.C.M.D.Pa.1959, 171 F.Supp. 115, and Wilt v. Smack, D.C. E.D.Pa.1957, 147 F.Supp. 700.

It is extremely doubtful that suit could have been brought successfully in the Eastern District of Pennsylvania on July 14, 1959 as the Pennsylvania statute of limitations had long since expired. It would further seem to be an injustice to the defendant to put him to the added expense of hiring an attorney in Pennsylvania, should this court transfer the case there, merely to plead the statute of limitations there as he has indicated he will do, and there is nothing shown by the plaintiff to indicate successful opposition thereto.

Perhaps the most analogous case from the plaintiff's viewpoint is Headrick v. Atchison, T. & S. F. Ry. Co., 10 Cir., 1950, 182 F.2d 305. There, the plaintiff, a citizen of Missouri, filed suit in a New Mexico State Court against a defendant amenable to service in both New Mexico and California, on a cause of action arising from a negligent injury occurring in California. The defendant removed the case to the United States District Court for the District of New Mexico on the basis of diversity of citizenship and there moved for a dismissal or, in the alternative, to transfer the case to the District of California, Northern Division, pursuant to 28 U.S.C.A. § 1404(a). The district court dismissed on the grounds of *forum non conveniens* but indicated it would have transferred had not the California statute of limitations expired before the suit was filed in New Mexico. The Court of Appeals reversed as there was not a sufficient showing of *forum non conveniens* but stated in the opinion that the expiration of the California statute of limitations was not a ground for refusing the transfer as it was an affirmative defense personal to the defendant. However, the opinion clearly shows that there were filed in the case affidavits which raised the possibility that defendant would be estopped to assert the California statute of limitations should the case be transferred. It was further indicated by way of dictum that the law of New Mexico might possibly be held controlling even in the District of California as the case had arisen in a New Mexico State Court, a factor not present in the instant case. Furthermore, § 1404(a) is not applicable to the facts of the present case.

It would therefore seem that unless the plaintiff can show some grounds for avoiding the bar of the Pennsylvania statute of limitations or that the Pennsylvania statute of limitations is not applicable, it would not be in the interest of justice to transfer this case to the Eastern District of Pennsylvania as no hearing would be had on the merits there,

and in fact it would be an injustice to the defendant in requiring him to engage other and additional local counsel there for the defense of the case.

The precise question to be determined is whether the plaintiff, who is seeking to transfer to Pennsylvania, has affirmatively shown that it would be in the interests of justice to do so. In considering that question it is necessary to have in mind the whole situation which is disclosed in the papers and the undisputed facts appearing from the argument of counsel.

When the suit was filed by the plaintiff in this court on July 14, 1959, only two weeks before the expiration of the three-year period of limitations under the Maryland law, counsel for the plaintiff had three possible jurisdictions where the defendant could be effectively served with process where the court had jurisdiction of the subject matter and the parties. One such court was a Maryland State Court where, under the Maryland Nonresident Motorists Statute, substituted service could be made on the defendant; and the others were a suit either in the Pennsylvania State Court or in the United States District Court for the Eastern District of Pennsylvania, where the defendant resides. The plaintiff's suit was not filed in any of these three proper jurisdictions but in this United States District Court for the District of Maryland where, under the federal statute, § 1391(a) of title 28 U.S.C.A., there was no proper venue jurisdiction. Substituted service on the defendant (under the applicable Maryland statute) was not effected until after July 28, 1959, when the Maryland three-year limitation period expired, and promptly thereafter on August 5, 1959, the defendant filed a motion to dismiss the case for lack of venue jurisdiction in this court. Thereafter, on September 8, 1959 plaintiff's counsel filed opposition to this motion and in turn filed the motion under 28 U.S.C.A. § 1406(a) to transfer the case to the Eastern District of Pennsylvania.

The effect of the dismissal of the case for lack of jurisdiction will, of course, be without prejudice to the plaintiff who will then be at liberty to file suit against the defendant in any of the three jurisdictions heretofore mentioned. It is inferable that the plaintiff does not care to exercise this option because a new suit now instituted in Maryland would be subject to the bar of the three-year limitation; and likewise a new suit in Pennsylvania would be subject to the bar of the applicable statute of that State for a transitory cause of action of this nature in two years. It is apparent that the real difficulty in the plaintiff's situation is due to his long delay in instituting the suit. The parties have filed some affidavits in support of their respective contentions which are very directly contradictory as to the nature and cause of the accident and the extent, if any, of personal injuries; but do not furnish any legal excuse for the plaintiff's delay. However, with respect to any relation of local counsel here to the delay, I find by an affidavit of counsel for the plaintiff that they were not authorized or instructed by the plaintiff or his Florida counsel to file the suit until a few days before it was actually filed. It is also inferable that the choice of suing in this federal court was an oversight or inadvertence with respect to the special venue provisions of the federal statute, not discovered by local counsel until later when defendant's motion to dismiss was filed and which might well have been avoided if the plaintiff himself had not unduly delayed his action in the matter.

It is not disputed that if the case is transferred to the Pennsylvania federal court the further prosecution there of the case would be met by the defendant's plea of limitations which, in the argument here, was definitely stated would be filed. The question thus comes down to this. Is it really in the interests of justice that the suit should be so transferred when it is perfectly apparent to the Court that its further prosecution would be futile for the plaintiff?

Counsel for the plaintiff urges that as he had a clear right to effectively institute the suit in a Maryland State Court, the dismissal of the suit in this court

would be upon a mere "technicality". I do not think this is a proper description of the nature of the matter. The provision of 28 U.S.C.A. § 1391(a) in denying proper venue jurisdiction to this court is only the more recent statutory expression founded on a principle first embodied in federal law in the first Judiciary Act of 1789 providing that a defendant can be sued only in the District in which he resides or in which he is "found". This court must apply the command of the statute (Olberding v. Illinois Cent. R. Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39) unless the case can be saved by the qualifying provision in 28 U.S.C.A. § 1406(a) "if it be in the interest of justice". We must consider this from the standpoint of the defendant as well as of the plaintiff. Assuming the plaintiff will be able to prove a meritorious case on the facts it must not be forgotten that the defendant here has a legally effective defense based on the statute of limitations. It would seem to be clearly in the interests of justice to transfer a case mistakenly brought for improper venue where neither plaintiff nor defendant will obtain an added advantage by so doing. But in the present case it is the avowed intention of counsel for the plaintiff not only to preserve such rights as he may have gained by bringing the suit here before the expiration of the Maryland limitations, but to obtain an added advantage by the transfer to Pennsylvania which he would not otherwise have had. That is to say, his avowed purpose, if the transfer is made, is to argue that when the suit is brought in Pennsylvania it is the Maryland and not the Pennsylvania statute of limitations which should be applied; or, in other words, to obtain thereby, if possible, a benefit which he could not have had if the suit had originally been brought in Pennsylvania. Thus, it could be said that the plaintiff wishes this transfer not as a shield of defense to preserve rights but rather a sword of attack against the defendant's rights.

Furthermore, I know of no rule of law to support the plaintiff's apparent contention that in Pennsylvania the Maryland statute rather than the Pennsylvania statute should be controlling. The case is one of a transitory nature based on a tort occurring in Maryland where there is no statute such as sometimes appears in suits under Lord Campbell's Act and statutes of a similar nature, requiring suit thereunder to be brought within a fixed period. If the suit is transferred to Pennsylvania the jurisdiction there will be based on diversity of citizenship only and the court will apply the Pennsylvania law which, with regard to limitations, will depend upon the law of the forum and not on the limitation period of the State where the accident occurred.

It was suggested in the argument here that the objection to the transfer could be obviated by this court requiring the plaintiff to now stipulate that if and when the case is transferred to Pennsylvania the limitation law of that State should be applied and the plaintiff would be estopped from contending for an added advantage by relying on the longer Maryland period. I note that in some cases of a somewhat similar nature the transferring court has exacted such a stipulation as a condition for making the transfer. Greve v. Gibraltar Enterprises, D.C.N.M.1949, 85 F.Supp. 410; Frechoux v. Lykes Bros. S. S. Co., D.C.S.D. N.Y.1953, 118 F.Supp. 234; Curry v. States Marine Corp., D.C.S.D.N.Y.1953, 118 F.Supp. 234. See also, in general, the discussion by District Judge Irvin Kaufman, printed in 10 F.R.D. 595, and an article by Prof. Brainard Currie, 22 U. of Chicago L.Rev. 405, regarding transfers under § 1404(a) particularly, as affected by different periods of limitation in the transferring and transferred districts. These cases dealt with a transfer under § 1404(a) rather than § 1406(a) and it will be noted that in each of them the request for the transfer was made by the defendant who was apparently seeking an advantage to be gained by the transfer with respect to the limitation period. The principle which seems to have been thus applied

was that in making the transfer at the request of the defendant, he was required to abandon any advantage that might result from the law of limitations of the State to which the transfer was made. The converse of the situation in those cases appears in the instant case where it is the plaintiff who brought the suit incorrectly in this court and is now asking to have it transferred to another court and hopes thereby to obtain an advantage with respect to limitations. There seems to be no other reason for the plaintiff's motion to transfer; but if there is some other proper reason for a transfer I would be disposed to allow it on the condition mentioned. However, this seems immaterial because I understood at the argument that counsel for the plaintiff are not interested in accepting a transfer on that condition. I would transfer the case from this federal court to a Maryland State Court if there were any statutory or other authority for doing so; but, of course, there is none.

For these reasons I conclude that the motion to transfer must be *denied* and the motion to dismiss must be *granted.* It is so ordered by the court.