Harold Baer, J.
Defendant Samuel J. Pierri moves to set aside a jury verdict and to dismiss the complaint as to him. The basis of this motion is that plaintiff failed to make out a prima facie case and that the jury verdict was inconsistent with the charge and, therefore, must be set aside. Plaintiffs Katie Pierri and Angelo Pierri cross-move to set aside the verdict because of inadequacy and join with the defendant in urging that a new trial be ordered on the ground that the jury verdict was inconsistent with the charge.
Plaintiff Katie Pierri was the owner of and a passenger in a vehicle driven by the defendant Samuel J. Pierri, which collided with an exposed and unguarded manhole cover on East Side Drive. She, as well as other passengers who are not involved in this motion, brought suit for personal injuries against this defendant and the City of New York and Triboro Asphalt Corp. (the latter are not involved in the instant motion). Her husband, Angelo Pierri, brought suit for personal injuries as well as a derivative suit for medical expenses, etc. At the time of the occurrence East Side Drive was being resurfaced and Triboro Asphalt Corp. was the general contractor on the job.
The testimony insofar as this defendant is concerned was that he was proceeding south on the East Side Drive in heavy bumper-to-bumper traffic, at the rate of approximately 15 miles per hour; that the black top surface of the road ended at approximately 73rd Street; that he proceeded for a distance along what appeared to be the roadbed; and that he came to a sudden stop, which caused the plaintiff Katie Pierri to go through the windshield. This defendant did not testify at the trial, but a portion of his deposition was read into evidence,
*98 A police officer, who arrived at the scene after the accident, testified that he found the vehicle resting on a manhole with the wheels straddling it on both sides. He further testified that the distance from the top of the manhole to the base of the roadbed was approximately eight inches.
That branch of the motion which seeks to dismiss the complaint is predicated on the theory that the defendant was presented with an emergency situation to which he did not have a reasonable opportunity to react; that, therefore, this was truly an unavoidable accident, and one in which there was no basis to impute fault to the defendant.
The cases cited by this defendant are not applicable (Walker v. Loop Fish & Oyster Co., 211 F 2d 777, 779; Meyer v. Whisnant, 307 N. Y. 369; Rowlands v. Parks, 2 N Y 2d 64; Gooch v. Shapiro, 7 A D 2d 307). The evidence failed to support the defendant’s contention. On the contrary, the jury may have reasonably inferred that the accident resulted from the failure of this defendant to properly pay attention to or observe the road conditions ahead of him. This inference is all the more plausible when it is considered that the defendant was admittedly traveling in bumper-to-bumper traffic and that none of the cars in front of him collided with the manhole as he did.
The court, without exception, charged the jury that since Katie Pierri was the owner of the car, any negligence of the driver Samuel J. Pierri would be imputable to her in her action against Triboro and the City of New York, but not in her action ■ against Samuel J. Pierri; that, therefore, the jury could find a verdict for her against the driver or against Triboro and the City of New York, but they could not find a verdict for her against all three defendants. The jury, despite the court’s charge, brought in a verdict in favor of Katie Piern and Angelo Pierri on his derivative action (as well as for all the other plaintiffs) against all three defendants. The court thereupon set aside the verdict in favor of Katie Pierri and Angelo Pierri on his derivative action, insofar as it was against defendants Triboro and the City of New York. The defendant contends that the court had no power to take this action.
This is not a situation where the court substituted its opinion or judgment of the facts for that of the jury. It is merely one where the court in the proper exercise of its authority corrected an error of law made by the jury. The jury, by finding in favor of all the plaintiffs as against all defendants, clearly and properly, under the evidence in the case, found as a fact that Samuel J, Pierri was a joint tort-feasor. This being the *99 case, its finding in favor of Katie Pierri as against all three defendants was clearly contrary to law and could not stand.
This is not a case where the jury might have found one or another of the defendants not negligent if sent back to reconsider their failure to heed the instructions of the court. Here, as a matter of fact, unanimously, the jury found against all defendants. The court, as a matter of law, set aside the verdict in favor of Katie Pierri against all defendants except Samuel J. Pierri because, as a matter of law, his negligence was imputed to her as owner of the car and, therefore, she could not recover against the other defendants (see Hodgkins v. Mead, 119 N. Y. 166; Fox Co. v. Wohl, 255 N. Y. 268, 271; Duerr v. Consolidated Gas Co., 104 App. Div. 465, 466; Ann. 106 A. L. R. 418). The ruling was not a correction of the jury’s factual finding. It was, in conformity with that finding and in accordance with the law, designed to give effect to the clearly indicated intent of the jury.
It is unsound, with courts overburdened with negligence cases, to permit litigants to demand juries and then seek to disregard the plain intent of the jury based on the credible evidence in the case. The unanimous finding of the jury that all three defendants were negligent is in accord with the weight of the evidence. The inability of the jury to grasp the point of law involved should not affect their factual finding.
For similar reasons, among others, the cross motion should be denied. There is no substance to the claim that the verdict in favor of Katie Pierri was inadequate. While it is true she suffered painful injuries, she has completely recovered. A jury gave her a verdict in the amount of $5,000, which, under the circumstances, could not be said to be so shocking or unconscionable as to require the court to substitute its judgment for the finding of the jury or in any way interfere with it. (Mathews v. Brooklyn & Queens Tr. Corp., 245 App. Div. 731; Cesario v. Demetria Realty Corp., 250 App. Div. 272; Irwin v. Klein, 243 App. Div. 23.)
The parties have had their day in court and a careful consideration of their respective claims by the court and a jury. The motion and cross motion are denied in all respects.