Lena CALLAN, Administratrix of Peter Callan, Deceased, Plaintiff,

v.

LILLYBELLE, LTD., a corporation of New York, Sol Hazen, Irwin Till and Johanna Callan, Defendants.

Civ. A. No. 575–62.

United States District Court
D. New Jersey.

Oct. 27, 1964.

Mario V. Farco, Newark, N. J., for plaintiff, by Leslie S. Kohn, Newark, N. J.

Shanley & Fisher, Newark, N. J., for defendants Lillybelle, Ltd. and Sol Hazen, by Donald A. Robinson, Newark, N. J.

Pindar, McElroy, Connell & Foley, Newark, N. J., for defendant Johanna Callan, by Everett T. Denning, Newark, N. J.

George D. McLaughlin, Newark, N. J., for defendant Irwin Till, by Nicholas Scalera, Newark, N. J.

WORTENDYKE, District Judge.

This action was commenced by the filing of the complaint in this court on July 17, 1962 by the plaintiff-administratrix, a resident of New Jersey.

She alleges that she was appointed administratrix ad prosequendum of Peter Callan, deceased, by the Surrogate of Essex County, New Jersey, on January 27, 1961. She further alleges that, on December 28, 1960, her intestate was a passenger in an automobile operated by the defendant Johanna Callan, alleged to be a resident of New Jersey, which was involved in a collision with a motor vehicle, owned and operated by the defendant Till, and another motor vehicle, owned by the defendant Lillybelle, Ltd. and operated by the defendant Hazen, on a public highway in the City of New York. Each of the motor vehicle operators named in the complaint is charged with negligence causal to personal injuries alleged to have been sustained by plaintiff's intestate. Those injuries are claimed to have aggravated a preexisting physical condition which resulted in his death on December 29, 1960.

Summons was duly issued following the filing of the complaint in this court, and was served personally upon the defendants Lillybelle, Hazen and Till in the Southern District of New York and upon the defendant Johanna Callan in the District of New Jersey.

The defendant Johanna Callan filed an answer in which she admitted her residence and citizenship in New Jersey. The other parties concede that admission to be a fact, as well as the allegation that the plaintiff is a resident and citizen of New Jersey, which is also admitted by the defendant Johanna Callan. The common residence and citizenship of plaintiff and defendant Johanna Callan destroys the subject-matter jurisdiction of this court for the conceded lack of diversity of citizenship between those adversary parties.

The answer of the defendants Lillybelle and Hazen, filed September 18, 1962, admits the pleaded diversity of citizenship between the plaintiff and those answering defendants but affirmatively pleads lack of subject-matter and personal jurisdiction in this court and impugns the sufficiency of service of process upon them.

The answer of the defendant Till, filed September 25, 1962, raises no issue re-

specting subject-matter or personal jurisdiction but pleads the statute of limitations. He has submitted to the jurisdiction of this court over his person. Western Loan & Savings Co. v. Butte & Boston Consolidated Mining Co., 1908, 210 U.S. 368, 28 S.Ct. 720, 52 L.Ed. 1101.

On April 8, 1963, the following motions were argued before this Court: (1) by defendants Lillybelle and Hazen to quash service of process and dismiss the complaint as to them; and (2) by defendants Johanna Callan and Till to dismiss the complaint. The plaintiff also moved at the same time for an order granting leave to drop Johanna Callan as a party defendant, and to amend the complaint accordingly and transferring this cause to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ ·1404 and 1406.

By its order of June 13, 1963 on the foregoing motions this court quashed the service of process upon the defendants Lillybelle and Hazen, and dismissed the complaint as to all of the defendants for lack of (diversity) subject-matter jurisdiction. From that order, the plaintiff appealed to the United States Court of Appeals for the Third Circuit, 329 F.2d 646, which, by its opinion filed April 13, 1964, vacated the order and remanded the cause to this court with direction "to consider the case again in the light of our opinion in United States v. Berkowitz (United States of America v. Lord), 328 F.2d 358 (1964)." Following that remand a pretrial conference was held in this court at which, by stipulation of counsel for the respective parties, the previous motions before this court (except for that of defendants Lillybelle and Hazen to quash service on them, which was not resisted by plaintiff) were brought on for reargument upon the briefs submitted by the parties to the Court of Appeals. At the conclusion of that reargument, this court reserved decision, and this opinion is an expression of that decision.

The parties presently before this court are the plaintiff, defendant Johanna Callan (both New Jersey residents) and defendant Till (who, although served with process in New York where he resides, has waived his right to challenge this court's lack of personal jurisdiction over him).

■ The remaining defendants, Lillybelle and Hazen, have succeeded in quashing the service of process on them in New York. Therefore, they are not subject to this court's personal jurisdiction. They appear specially to challenge, together with defendant Till, this court's subject-matter jurisdiction because of the lack of complete diversity between the parties as a result of the common citizenship of plaintiff and defendant Johanna Callan. But for that lack of complete diversity, this court would, under 28 U.S.C. § 1332(a) (1), have complete subject-matter and personal jurisdiction over plaintiff and defendant Till (and would have over defendants Lillybelle and Hazen if such personal jurisdiction over them here could be acquired).

The plaintiff therefore moves to drop Johanna Callan as a defendant (either under F.R.Civ.P. 15 or 21) in order to retain complete diversity jurisdiction in this court. If that motion is granted, plaintiff moves further that the case then be transferred, under 28 U.S.C. §§ 1404 (a) or 1406(a), to the Southern District of New York where personal jurisdiction can be acquired over defendants Lillybelle and Hazen. In support of this latter motion, plaintiff claims that whichever statute of limitations is applicable (New York or New Jersey) [1] has run and would bar a new action in the Southern District of New York against any or all defendants. Plaintiff has assumed that the complaint was filed here (less than two years after the accident) before the applicable statute of limitations

---

1. On the effect of a Section 1404(a) transfer on the question of which State's law is applicable in a diversity action, see

Van Dusen v. Barrack, 1964, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945.

(either that of New York or of New Jersey) had run.

The right of the plaintiff to drop Johanna Callan as a party defendant in order to retain diversity jurisdiction in this court is clear. The facts in the case at bar are strikingly similar to those which confronted then Chief Judge Forman of this court (now a member of the Court of Appeals), in Ackerley v. Commercial Credit Co., D.C.N.J.1953, 111 F.Supp. 92. In that case, as in the case at bar, an administratix sued for the alleged wrongful death of her New Jersey decedent against numerous defendants, including a New Jersey corporation (Central Railroad Company of New Jersey). Defendants moved to dismiss the complaint for lack of jurisdiction by reason of the lack of complete diversity of citizenship between the plaintiff on the one hand, and all of the defendants on the other. The plaintiff countered with a motion to permit her to amend the summons by dropping, as a party defendant, the New Jersey corporation and to file an amended complaint omitting any reference to that defendant. It was conceded that the plaintiff was a resident of New Jersey and the defendant which the plaintiff sought to drop was a corporation of that State. Judge Forman held:

> "There is ample authority that such an amendment is permissible, if the party dismissed is not an indispensable party. [Citing Dollar S. S. Lines v. Merz, 9 Cir. 1934, 68 F.2d 594 and States v. John F. Daly Inc., D.C.Pa.1951, 96 F.Supp. 479.] * * * An indispensable party is defined as one having such an interest in the controversy that a final decree cannot be made without either affecting his interest or leaving the controversy in such a condition that a final determination may be wholly inconsistent with equity and good conscience, see Chidester v. City of Newark, 3 Cir., 1947, 162 F.2d 598, 600. Tortfeasors, such as Central Railroad of New Jersey [the New Jersey corporation] is alleged

to be, are not indispensable parties to an action against one of their number * * * [Citing Picking v. Pennsylvania Railroad Co., 3 Cir. 1945, 152 F.2d 753, cert. den. 1947, 332 U.S. 776 [68 S.Ct. 38, 92 L.Ed. 361] and Sauer v. Newhouse, D.C. N.J.1938, 24 F.Supp. 911]. Thus, unless the fact that the statute of limitations has run is a bar, the plaintiff may be permitted to amend in the manner she has requested. * * * The time within which the plaintiff could commence this action has now run. Fed.Rules Civ.Proc. rule 15(c), 28 U.S.C.A., however, provides that,

> " 'Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.'

This rule has been applied to amendments to complaints which were designed to give the court jurisdiction, Christensson v. Hogdal, D.C. Cir., 1952 [91 U.S.App.D.C. 251], 199 F.2d 402; Zellem v. Herring, D.C.W.D.Pa.1951, 97 F.Supp. 103. Plaintiff's claim after making her proposed amendment [dropping the corporate defendant] would arise out of exactly the same occurrence as before, but the moving defendants contend that the plaintiff cannot take advantage of Rule 15(c) because of the special nature of the statute of limitations contained in the New Jersey Wrongful Death Act. * * *

> "There is no question but that this court must apply the New Jersey statute of limitations requiring that the action be brought within two years of the death of the decedent. * * * The Supreme Court has held that in a diversity of citizenship case the statute of limitations of the state whose law governs the substantive questions at issue is not

tolled until the plaintiff has taken the steps required by state law. Thus, although a plaintiff in such a suit files a complaint before the running of the state statute of limitations, he is barred by that statute if he does not also fulfill the state requirement that summons be served in order to toll the statute. * * * [Citing Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U.S. 530 [69 S.Ct. 1233, 93 L.Ed. 1520].] The holding in the Ragan case would not bar the plaintiff in this controversy, for an action is commenced when the complaint is filed, both under Federal Rule 3 and under New Jersey Rule 3:3-1 [now Rule 4:3-1]. * * * * * * [N]ot only is New Jersey law the same as the federal law in respect to commencement of an action, it is also the same in respect to relation back of amendments to a complaint to the date of filing the original complaint. * * * By the terms of Rule 15(a) a court should grant leave to amend freely when justice so requires. It has been held that a court should consider the request for leave to amend under subsection 'a' of the rule uninfluenced by whether, under Rule 15(c), the amendment would or would not relate back, and that once the amendment has been allowed, if the defendant pleaded limitation, the court would then act upon the plea in light of the provision of 15(c), [citing cases]. In the instant case, however, plaintiff would be entitled to amend without claiming the benefit of the rule advanced in these [cited] cases, for, either under the Federal Rules of Civil Procedure and the cases interpreting these Rules, or under New Jersey rules and cases her amendment will relate back to the date of the filing of her original complaint." (111 F.Supp. pp. 94–97).

Ackerley therefore held that a non-diverse non-indispensable party may, in the court's discretion, be dropped, by means of an amendment of the pleadings under F.R.Civ.P. 15, in order to preserve diversity jurisdiction. The same principle has been applied to the determination of a party's motion under F.R.Civ.P. 21 to drop a non-diverse party to preserve diversity jurisdiction, Weaver v. Marcus, 4 Cir. 1948, 165 F.2d 862, 175 A.L.R. 1305; Kerr v. Compagnie de Ultramar, 2 Cir. 1958, 250 F.2d 860[2]; Girardi v. Lipsett, Inc., 3 Cir. 1960, 275 F.2d 492, 494, footnote 1; O'Neal v. National Cylinder Gas Co., D.C.Ill.1952, 103 F.Supp. 720; Taussig v. Wellington Fund, Inc., D.C.Del.1960, 187 F.Supp. 179, 191, affd. 3 Cir. 1963, 313 F.2d 472, cert. den. 1963, 374 U.S. 806, 83 S.Ct. 1693, 10 L.Ed.2d 1031. Cf. Johnston v. Oregon Electric Railway Co., D.C. Or.1956, 145 F.Supp. 143.

 In appealing to this court's discretion under F.R.Civ.P. 15 and 21, the defendants claim that they will be prejudiced by the dropping of Johanna Callan as a codefendant in order to preserve diversity jurisdiction. In his brief in the Court of Appeals Till argued, and reiterates here, that the dropping of Johanna Callan as a defendant and the transfer of this case to the District Court for the Southern District of New York would deprive Till of " * * * the advantage of having the defendant, Callan, as a party to this action by the plaintiff with the *admission of the plaintiff* that defendant Callan was negligent in the operation of decedent's motor vehicle. Consequently, lost would be the

---

**2.** Defendant Till argues that the Kerr case holds that the motion to drop a non-diverse party, under either F.R.C.P. 15 or 21, may be granted only if such action will not prejudice the adverse party. The Kerr case, however, held only that, because the adverse party failed to show it would be prejudiced by the dismissal of the non-diverse party, it was an abuse of discretion for the District Court not to grant the motion of dismissal. That holding implies that if prejudice were shown, it would be in the discretion of the District Court to grant or deny the motion.

defendant's chance for a motion for summary judgment under the Pierri [v. City of New York, 220 N.Y.S.2d 814, 31 N.Y. Misc.[2d] 96 (Supreme Ct. 1961), affirmed [12 N.Y.2d 647, 238 N.Y.S.2d 1027] 188 N.E.2d 911, 17 A.D.2d 916, 233 N.Y. S.2d 238 (App.Div.1962)] case rule." A transfer of this case to the Southern District of New York preserves to Till the benefit, if any, of whatever admission plaintiff may have made that the operator of the car in which decedent was riding was guilty of causal negligence, irrespective of that operator's inclusion as a party defendant. Moreover, Till may bring in Johanna Callan, the operator, as a third party defendant in the transferee court and thus obtain upon a third party complaint the same relief available to Till against her as if she were properly a codefendant with Till in this District. Johanna Callan can be served by the New York Federal District Court in New Jersey as a third-party defendant pursuant to F.R.Civ.P. 4(f), as amended, and her presence as a third-party defendant will not destroy the Court's diversity jurisdiction even though she and the original party plaintiff are New Jersey residents. Smith v. Whitmore, 3 Cir. 1959, 270 F.2d 741, 742, footnote 4. I find that Till's claim of prejudice from the dropping of Johanna Callan is unfounded.

The motion of plaintiff, pursuant to F.R.Civ.P. 15(a), for leave to amend the complaint to eliminate Johanna Callan as a party defendant is granted. Plaintiff will be given 20 days from the date of the entry of the order on these motions within which to file the amended complaint; the defendant Till shall file a response to the amended complaint as directed in F.R.Civ.P. 15(a). Plaintiff's motion to dismiss Johanna Callan under F.R.Civ.P. 21 has become moot and, therefore, is denied.

There remains the question of whether this case should be transferred to the Southern District of New York under 28 U.S.C. §§ 1404(a) or 1406(a). That this Court has the power to transfer the case under either of those sections even though it does not have personal jurisdiction over some of the defendants, is clear upon the authority of United States v. Berkowitz, 3 Cir. 1964, 328 F.2d 358, following and interpreting Goldlawr, Inc. v. Heiman, 1962, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39.

It was argued in opposition to plaintiff's motion to transfer this case to New York, that 28 U.S.C. § 1404(a) must be construed as having codified the doctrine of *forum non conveniens*. (See Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055). Such a construction is at variance with the view of the Third Circuit Court of Appeals, as expressed by the late Judge Goodrich, in All States Freight, Inc. v. Modarelli, 3 Cir. 1952, 196 F.2d 1010.

"The *forum non conveniens* doctrine is quite different from Section 1404(a). That doctrine involves the dismissal of a case because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else. It is quite naturally subject to careful limitation for it not only denies the plaintiff the generally accorded privilege of bringing an action where he chooses, but makes it possible for him to lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate. "Section 1404(a) avoids this latter danger. Its words should be considered for what they say, not with preconceived limitations derived from the *forum non conveniens* doctrine." (196 F.2d p. 1011.)

The foregoing was quoted with approval in Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789.

In Internatio-Rotterdam, Inc. v. Thomsen, 4 Cir. 1955, 218 F.2d 514, an admiralty case, the suits were filed in the Southern District of New York before the period of limitation had run, but process was not served there because the

vessel could not be found there. After the limitation period had run, the libellants obtained an order transferring the suits to the District of Maryland where the vessel was located and process was served. In granting petitions for writs of mandamus requiring the Maryland District Judge to accept jurisdiction of the transferred suits, Chief Judge Parker held that the order transferring the suits from the Southern District of New York was authorized by both § 1404(a) and § 1406(a).

"* * * [T]he transfer falls within the letter and spirit of 28 U.S.C. § 1404(a) as being a transfer 'for the convenience of parties and witnesses, in the interest of justice.' If there had been a service of process, no one would contest the power of the court to make the transfer under this section. We think that the power is no less because process has not been served, when failure to make the transfer may resul' not only in inconvenience but also in denial of justice to one of the parties. * * * If service of process can be had only if the cause is transferred to another district, we see no reason why it [the court where the suit was filed] should not enter an order transferring it for that purpose; and we think that the power is granted by * * * [§§ 1404(a) and 1406(a)]. * * * If a libellant has filed a libel in one district, thinking that a vessel will be found there, and later finds that the vessel is in another district where the libel could have been filed, there is no reason why the proceedings should not be transferred to the latter instead of being dismissed, with the necessity upon libellant of starting all over again. Especially is this true, where, as here, the new proceeding would be barred by the statute of limitations." (218 F.2d, at pp. 516–517.)

The Internatio reasoning was cited and followed by Judge Van Dusen in Orzulak v. Federal Commerce and Navigation Co., D.C.Pa.1958, 168 F.Supp. 15, where the suit involved a claim of personal injury caused by negligence and unseaworthiness on a vessel in the district where the suit was brought. Plaintiff could not get service on the corporate defendant in that district (in fact, service in that district on the defendant was quashed by the court) and moved, after the statute of limitations had run, for a transfer under both §§ 1404(a) and 1406(a) to the Southern District of New York where process could be served on the defendant. The court granted the order transferring the case to the Southern District of New York under both § 1404(a) and § 1406(a) on the authority of Internatio and of the All States Freight case, supra, which the court relied on as support for its view that both statutes "* * * * avoided the danger of having a plaintiff's action barred by the statute of limitations through having to start another suit in the forum found to be appropriate." 168 F.Supp., at p. 18. (Cf. Viaggio v. Field, D.C.Md.1959, 177 F. Supp. 643, where the suit was filed in the transferor district before its statute of limitations had run but after the statute of the district to which plaintiff wanted the case transferred had run.)

The Internatio and Orzulak decisions strongly suggest that one of the fundamental purposes of § 1404(a) is to enable a court to preserve an action after the statute of limitations has run by transferring the case to a District where the defendants can be served. Defendants, however, claim that they have acquired some rights from the running of the statute of limitations, before personal jurisdiction over them was acquired, which would be destroyed by a transfer to the Southern District of New York where they can be served. This objection to a transfer, under the analogous provisions of § 1406(a), has been effectively answered by the Supreme Court in Goldlawr, Inc. v. Heiman, supra, where, in upholding the power of the District Court to transfer a case after the statute of limitations had run and

when it had no personal jurisdiction over the defendants, the Court said:

"When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitations would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. [Pursuant to § 1406(a)] * * * 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.' " [3] (At p. 467 of 369 U.S., at p. 916 of 82 S.Ct.)

Similarly, plaintiff's filing of her complaint in this District, before the statute of limitations ran, was sufficient compliance with that statute to permit a transfer under § 1404(a) before defendants Lillybelle and Hazen were served with process. Such a transfer would certainly be in the "interest of justice" under § 1404(a), pursuant to the Internatio and Orzulak opinions, and would not infringe on any rights of defendants Lillybelle and Hazen under the statute of limitations.

Reduced to its simplest aspects, in the case at bar, assuming the truth of the allegations of the complaint, the plaintiff would have a cause of action against all of the defendants, but this Court would be without jurisdiction of the subject matter of the action due to the lack of diversity of citizenship between the plaintiff and the defendant Johanna Callan. I have decided to permit the plaintiff to drop Johanna Callan as a defendant, by amending the complaint under F.R.Civ.P. 15, thereby creating jurisdiction of the subject matter in this court. The resulting amendment relates back to the filing of the complaint, but in the interim, the statute of limitations has run as to certain of the defendants who can only be served in New York. In the interest of according the plaintiff an opportunity to have her cause of action tried upon the merits, I invoke the authority granted by § 1404(a) and, in the interest of justice, this case will be transferred to the United States District Court for the Southern District of New York. 28 U.S.C. § 1404(a). The transfer should take place within 20 days after defendant Till has filed in this court his response to plaintiff's amended complaint.

An appropriate order should be submitted.

---

3. The rationale of § 1406(a) applies equally to § 1404(a) because they " * * * are companion sections, remedial in nature, enacted at the same time, and both dealing with the expeditious transfer of an action from one district or division to another." United States v. Berkowitz, supra, 328 F.2d, at p. 361.