Lena CALLAN, Administratrix of the Goods and Chattels, Rights, Credits which were of Peter Callan, deceased, and as General Administratrix of Peter Callan, deceased, Plaintiff,

v.

LILLYBELLE, LTD., a corporation, of New York, Sol Hazen, Irwin Till, Defendants.

United States District Court
S. D. New York.

Feb. 24, 1966.

See also D.C., 234 F.Supp. 773.

Louis Kaye, New York City, for plaintiff.

Smith & Formidoni, New York City, for defendants Lillybelle, Ltd. and Sol Hazen.

BONSAL, District Judge.

These are cross motions for summary judgment or in the alternative judgment on the pleadings, involving the validity of the defense of the New York statutes of limitation raised by defendants Lillybelle, Ltd. (Lillybelle), and Sol Hazen (Hazen). Plaintiff moves to dismiss the affirmative defense of the statute of limitations raised by these defendants, and Lillybelle and Hazen cross move to dismiss plaintiff's amended complaint as against them on the ground that the applicable statutes of limitation have run.

Plaintiff Lena Callan, a citizen of New Jersey, as administratrix ad prosequendam and as general administratrix of the estate of Peter Callan, instituted in the District Court of New Jersey this action for wrongful death, alleging that the decedent sustained injuries from an automobile accident in New York on December 28, 1960, which resulted in his death the following day, and that the accident was caused by the negligent operation of automobiles owned, operated and controlled by the defendants. The original complaint was filed on July 17, 1962 against the present defendants, Lillybelle, Hazen and Irwin Till, and against Johanna Callan. Johanna Callan was served in New Jersey, and the other three defendants were served in New

York. In their answer on September 18, 1962, defendants Lillybelle and Hazen pleaded lack of diversity of citizenship jurisdiction and lack of personal jurisdiction over them, and on June 13, 1963 the court quashed the service of process against Lillybelle and Hazen and dismissed the complaint against all defendants for lack of diversity of citizenship. On appeal, the Court of Appeals for the Third Circuit remanded the case to the District Court for reconsideration (329 F.2d 646 (1964)).[1] On remand, the district court on January 8, 1965 ruled that service against Lillybelle and Hazen was properly quashed, but on plaintiff's motion, the court (1) dropped Johanna Callan as a party defendant so that diversity of citizenship would exist, and (2) transferred the action to the Southern District of New York under 28 U.S.C. § 1404 in the "interest of justice," (it appearing that defendants Lillybelle and Hazen could be served in New York but not in New Jersey, and that the statute of limitations would bar the commencement of a new action against these defendants in New York (234 F.Supp. 773 (1964)). Following transfer, plaintiff on April 16, 1965 filed an amended complaint in this court, and defendants Lillybelle and Hazen were served with the summons and amended complaint in New York on June 18, 1965.

Defendants contend that in a diversity case, the district court must apply the substantive law of the state where the court is sitting. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Under New York law, an action for wrongful death must be commenced within two years after the decedent's death (New York Decedent Estate Law § 130) and an action for personal injuries resulting from negligence

must be commenced within three years after the cause of action accrued (New York Civil Practice Act § 49(6); New York C.P.L.R. § 214(5)). Defendants further contend that under Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), the courts must look to the law of New York to determine when this action was commenced for the purpose of these statutes of limitation. Under New York law, the action was not commenced until the service of the summons on these defendants, which occurred some four and one-half years after the alleged accident and death, well after both the above statutes of limitation had run (New York Civil Practice Act § 16; New York C.P.L.R. § 203(b) (1)).

Plaintiff concedes that the action is barred if it was not commenced within the period of the above New York statutes of limitation. Plaintiff contends, however, that the action here was commenced when plaintiff filed her complaint in the District Court of New Jersey, which she did within two years after the alleged accident and death. Plaintiff relies on Rule 3, Federal Rules of Civil Procedure, which provides that an action is commenced by the filing of a complaint. Plaintiff argues that in view of Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), Rule 3 is applicable, and the action was timely.

*Ragan* involved a diversity case in the Federal District Court in Kansas. Plaintiff filed his complaint within the period provided by the Kansas statute of limitations, but service was made upon the defendant after the statute of limitations had run. Kansas provided by statute (as does New York) that an action is commenced by the service of a summons on the defendant. The Supreme Court held in *Ragan* that the manner by which an action is commenced was an integral part

---

1. The Court of Appeals asked the District Court to consider the transfer of the case in the light of United States v. Berkowitz, 328 F.2d 358 (3d Cir. 1964) which holds that transfer may be made whether or not the transferring court has personal jurisdiction over the defendants.

of the Kansas statute of limitations provisions and that *Erie* and *York* required the federal court to follow the state rule. Accordingly, the action was held to be barred.

The vitality of the *Ragan* decision has been called into serious question by the Supreme Court's decision last year in *Hanna*. *Hanna* decided, in a diversity action against an executor where the federal rule allowed service at the executor's place of residence whereas Massachusetts required delivery in hand, that notwithstanding *Erie* and *York*, the federal rule applied and sustained service made under it. The court found a paramount federal interest in the uniform administration of legal proceedings in the federal courts, especially "when there is a Congressional mandate (the Rules) supported by constitutional authority." (380 U.S. at 473, 85 S.Ct. at 1145 quoting from Lumbermen's Mutual Casualty Co. v. Wright, 322 F.2d 759, 764 (5th Cir. 1963).)

As stated in *Hanna*, whether the New York rule or the federal rule here applies is "outcome-determinative" since if the New York rule applies, the defendants prevail, whereas if the federal rule applies, the litigation will continue. As a guide to considering the alternatives, the Chief Justice wrote:

> "*Erie* and its progeny make clear that when a federal court sitting in a diversity case is faced with a question of whether or not to apply state law, the importance of a state rule is indeed relevant, but only in the context of asking whether application of the rule would make so important a difference to the character or result of the litigation that failure to enforce it would unfairly discriminate against citizens of the forum State, or whether application of the rule would have so important an effect upon the fortunes of one or both of the litigants that failure to enforce it would be likely to cause a plaintiff to choose the federal court." 380 U.S. at 468, 85 S.Ct. at 1142 note (9.)

The reasoning in *Hanna* points away from *Ragan,* and indeed in his concurring opinion in *Hanna,* Mr. Justice Harlan stated, "I think that the decision [Ragan] was wrong." (p. 477, 85 S.Ct. at 1147.) In a recent case in this district Judge Wyatt thought that in view of *Hanna,* the Supreme Court would no longer follow *Ragan.* Sylvestri v. Warner & Swasey Co., 244 F.Supp. 524 (S.D. N.Y.1965). Moreover, the history of this action satisfies the court that *Hanna* rather than *Ragan* is controlling.

The filing of the complaint in the District Court of New Jersey, the service on defendants Lillybelle and Hazen in New York, and the answer of those defendants which attacked the validity of that service, all occurred before the New York statutes of limitation had run. When it was determined that personal jurisdiction over Lillybelle and Hazen was lacking in New Jersey, the applicable statutes had run. However, the defendants knew of the existence of the action and participated in the New Jersey proceedings before the statutes had run. To preserve plaintiff's rights against the defendants, the District Court in New Jersey transferred the case to the Southern District of New York under 28 U.S.C. § 1404(a), which empowers the court to transfer a case to another district where it might have been brought "in the interest of justice." The court reasoned that "one of the fundamental purposes of § 1404(a) is to enable a court to preserve an action after the statute of limitations has run by transferring the case to a District where the defendants can be served." (234 F.Supp. at 779).

■ Section 1404(a) and its companion section, § 1406(a), were intended to avoid the harsh result of dismissal of an action brought by plaintiff in an improper district, especially where such dismissal would terminate plaintiff's rights because the statute of limitations has run. In Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), the Supreme Court stated:

"The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.'" (369 U.S. at 466–467, 82 S.Ct. at 916.)

It has thus been held that under § 1404(a) or § 1406(a), where a plaintiff is unable to obtain personal jurisdiction over the defendant in the forum in which he instituted his action, the action may be transferred to a district where personal jurisdiction can be obtained to preserve plaintiff's claim where no new action could be filed because the statute of limitations has run. Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514 (4th Cir. 1955); United States v. Berkowitz, 328 F.2d 358 (3d Cir. 1964), cert. denied 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32

(1964); Orzulak v. Federal Commerce and Navigation Co., 168 F.Supp. 15 (E.D. Pa.1958); cf. Burnett v. New York Central R.R., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). The reasoning of *Goldlawr* is applicable to this diversity case. See Hohensee v. News Syndicate, Inc., 369 U.S. 659, 82 S.Ct. 1035, 8 L.Ed. 2d 273 (1962), vacating 286 F.2d 527 (3d Cir. 1961).

To hold that this action, which was transferred to this court under § 1404(a) to preserve it from being barred by the statute of limitations, is now barred would contravene the remedial purpose behind § 1404(a). *Hanna* precludes such a result. In *Hanna* the court found that the Federal Rules represented a strong federal interest in the administration of legal proceedings in the federal courts and that such interest compelled the federal courts to apply the Federal Rules notwithstanding the considerations in *Erie* and *York*. Here the federal interest is even stronger since a remedial statute of Congress is involved. In *Ragan* no such strong federal interest was involved.

In view of the New Jersey background and the transfer to this court under § 1404(a), the application of Rule 3 will not unfairly discriminate against New York citizens nor affect the forum choice of some future plaintiff. Accordingly, the action was commenced when the complaint was filed on July 17, 1962 and is not barred by the New York statutes of limitation.

Plaintiff's motion to dismiss the affirmative defense of the statute of limitations of defendants Lillybelle and Hazen is granted. The motion of defendants Lillybelle and Hazen to dismiss plaintiff's amended complaint is denied.

At the time of settlement, defendants may submit an order permitting immediate appeal pursuant to 28 U.S.C. § 1292 (b) if they are so advised.[2]

Settle order on notice.

2. See note, "Federal Courts," 78 Harv.L.Rev. 673 (1965).