## Phillips et al. v. Aluminum Company of America, Appellant.

*Practice, C. P.—Party defendant—Suit against wrong party—Sale of business—Subsequent injury to workman—Suit against former owner.*

Where in an action against a corporation for personal injuries resulting to plaintiff from the alleged negligence of the defendant, plaintiff asserted that, at the time of the injuries resulting to him from the alleged negligence of the defendant, he was employed by the defendant company, but there was no evidence offered to show the existence of any such corporation or to identify it with the ownership of the plant or the management of the business in which plaintiff was employed, but on the contrary it appeared that a company of the name of the defendant had sold the plant at which plaintiff was working more than three years previous to the injury and that after such sale plaintiff made written application for employment on a printed blank furnished by defendant's successor and the name of the latter company thereafter appeared on all plaintiff's time cards, a verdict should have been directed for the defendant.

Argued Oct. 12, 1916. Appeals, Nos. 101 and 102, Oct. T., 1912, by defendant, from judgment of C. P. Allegheny Co., July T., 1914, No. 965, on verdict for plaintiffs, in case of Harold M. Phillips, a minor, by his next friend and father, Homer E. Phillips, and Homer E. Phillips in his own right, v. Aluminum Company of America, a corporation. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before REID, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs for $2,000 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing to direct a verdict for defendant.

*Richard W. Martin,* of *Beatty, Magee & Martin,* for appellant.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 8, 1917:

In this action of trespass, Homer E. Phillips in his own right, and as father and next friend of Harold M. Phillips, sought to recover damages for personal injuries to the latter, resulting from the alleged negligence of the defendant company. Counsel for appellant contend that the wrong company was named as defendant. The question is raised by the fourth assignment, in which it is alleged that the court below erred in refusing the third point for charge submitted in behalf of defendant, which was as follows: "The undisputed testimony in the case is that the employment of the plaintiff was by the United States Aluminum Company and not by the Aluminum Company of America, and, therefore, your verdict must be for the defendant." The suit was brought against the Aluminum Company of America, but no evidence was offered to show the existence of any such corporation, or to identify it with the ownership of the plant, or the management of the business at which young Phillips was employed at the time of his injury. There was merely an assertion by Harold M. Phillips that he was working for the Aluminum Company of America at the time he was hurt, upon March 4, 1913. But this statement was negatived by the evidence of his signed application for employment, in which he agreed to terms of employment

by the United States Aluminum Company.   The card shows that he was engaged by Mr. Doolittle, who testified that he was foreman of the latter company, and as such employed Phillips.   This evidence as to the identity of the employer, was followed by proof of the time cards issued to the employee and signed by him, upon which he registered his time throughout a series of weeks, a new time card being issued to him every two weeks.   These cards all bore in plain type the name "The United States Aluminum Company."   There was also the evidence of the night superintendent of the Kensington works of the United States Aluminum Company, who testified that the plant was operated by that company on the night of March 4, 1913, when the accident in question occurred. A bill of sale from the Aluminum Company of America to the United States Aluminum Company showed the transfer to the latter company, on December 11, 1909, · more than three years before, of all the equipment, tools and machinery of the plant at which plaintiff was working, and, by deed duly executed upon the same day, the land upon which the plant was located was conveyed to the same company.   As against this positive evidence of the identity of the employer, there was the mere allegation of Phillips, that he was told by the foreman that he was working for the Aluminum Company of America. The foreman denied making any such statement, and it did not appear that he was in any way authorized to speak for, or to represent, the Aluminum Company of America.   It seems that a passbook was handed to Phillips which bore the printed statement "Aluminum Company of America, in behalf of the United States Aluminum Company, New Kensington Works."   The book contained a description of a benefit scheme, established as a gratuity.   The relation between the two companies was not shown.   Whether one was subsidiary to the other did not appear.   But there was nothing in the passbook tending to show that Harold M. Phillips was employed by the Aluminum Company of America.   There is no

question of estoppel here.  Plaintiff and his son had plain printed information before them of the name of the employing corporation through the application card, the time cards, and the work cards.  Had there been any doubt about the matter his counsel could have ascertained by inquiry of the management of the plant the name of the proper party to make defendant in the suit. The letter which one of the counsel wrote, stating that he had been consulted with reference to the claim, contained no such inquiry.  Defendant might have volunteered the statement that the wrong party had been sued, and, for that matter, it might have disclaimed all responsibility in connection therewith.  But, as this was prior to the Practice Act of May 14, 1915, P. L. 483, we cannot say that defendant was under any legal duty to give such notice.  The statement by the young man that he was employed by defendant, amounted to nothing more than a mere assertion, resting upon his belief that the defendant was at the time the owner of the plant, in control of the business, and responsible for its management.  When it conclusively appeared that he was mistaken as to this, nothing of substance was left in his assertion as to the identity of his employer with the defendant company.  The testimony, both oral and documentary, abundantly, and we think conclusively, shows that the defendant was not the employer of the injured person, and that it owed him no duty in that respect. The evidence points clearly to the fact that he was at the time in the employ of another corporation, the United States Aluminum Company.

The judgment is reversed.