[Civ. No. 6608.   Third Dist.   Jan. 29, 1942.]

ANNIE S. WRIGHT, Appellant, v. REDWOOD THE-ATRES, INC. (a Corporation) et al., Respondents.

Carlin & Fuidge for Appellant.

Butler, Van Dyke & Harris for Respondents.

TUTTLE, J.—This action was brought to recover damages arising out of personal injuries. The trial court sustained a demurrer to the supplemental complaint without leave to amend. From a judgment for defendants, this appeal is now prosecuted.

On April 18, 1939, plaintiff was walking on a sidewalk in the city of Marysville, in the vicinity of the State Theatre, and while so walking, plaintiff slipped upon some slippery substance and was injured.

On November 8, 1939, plaintiff filed an action against Redwood Theatres, Inc., a corporation, and Harry Brown. The complaint alleged substantially as follows:

"That defendant Redwood Theatres, Inc., was a Nevada corporation doing business in California, and that through its agents and employees it was operating the State Theatre in Marysville; that defendant Harry Brown was the manager of that theatre; that plaintiff had received injuries on the 18th day of April, 1939, while walking on the sidewalk in the vicinity of that theatre; that the two named defendants had negligently caused a slippery substance to be placed on the sidewalk along which plaintiff was walking and in front of the theatre, upon which substance plaintiff slipped, fell, and was injured."

To this complaint defendants filed an answer, denying all the foregoing allegations, but admitting the corporate capacity of defendant Redwood Theatres, Inc., and that defendant Brown was the manager of State Theatre.

The case came on for trial. Witnesses were sworn, exhibits were introduced, and plaintiff rested; whereupon, the defendants moved for a nonsuit as to each of them. Thereupon, the case was reopened, one witness was recalled and testified further on the part of plaintiff. Thereupon, counsel for plaintiff moved the court for permission to amend her complaint "to conform with the proof and to file an amended and supplemental complaint, by substituting the National Theatres Syndicate of California as a party defendant, in the place and stead of Redwood Theatres, Inc." Thereupon, the minutes show that the trial court granted a nonsuit as to both defendants, and also granted the motion of plaintiff to file an amended and supplemental complaint, bringing in, for the first time, the respondent herein, as party defendant.

The demurrer to the supplemental complaint set up, as a bar, section 340, subdivision 3 of the Code of Civil Procedure, which limits the time for commencing such an action to one year after the injury, which in this instance, and as alleged in said complaint, occurred on April 18, 1939.

The supplemental complaint was filed August 23, 1940. It set forth facts which, appellant contends, now estop defendants from availing themselves of the statute of limitations. Those allegations are as follows:

"That subsequent to the 18th day of April, 1939, and prior to the commencement of the herein action, plaintiff caused negotiations to be commenced looking toward the settlement of her injuries and damages with certain persons acting for and in behalf of, and under the authorization of said defen-

dant corporations; that said persons allowed counsel for plaintiff to believe that defendant Redwood Theatres, Inc., was not only the owner, but the operator of said theatre as well, when in truth and in fact, it was well known to said person and to said defendant corporations at said time and at all times herein mentioned, and unknown to plaintiff or her counsel, that while defendant Redwood Theatres, Inc., or its assignee, Marysville Theatres, Inc., a corporation, was the owner of the real property and the improvements thereon constituting said theatre, that defendant National Theatres Syndicate of California was the lessee and operator of the business therein conducted.

"That George M. Mann is the president of defendant Redwood Theatres, Inc., and the president of defendant National Theatres Syndicate of California, a corporation; that L. S. Hamm is the secretary of defendant Redwood Theatres, Inc., a corporation, and of defendant National Theatres Syndicate of California, a corporation; that M. C. Sousa is the treasurer of defendant Redwood Theatres, Inc., and of defendant National Theatres Syndicate of California, a corporation; that said defendant corporation and each thereof maintain a joint office located in the same building with the same telephone number in the City of San Francisco; that the major portion of the stock of said defendant corporations and each of them is owned by said George M. Mann; that service of original summons and complaint herein was made on the aforesaid M. C. Sousa who, as aforesaid, is an officer of both said defendant corporations; that at all times during the pendency of the action on the original complaint herein, defendant National Theatres Syndicate of California and the officers thereof well knew of the existence of said action, of the cause of action therein contained, and of the error in which it and they had allowed plaintiff to fall.

"That upon issue being joined on the original complaint the cause was duly noticed to be set on February 15, 1940, and would have been tried prior to April 18, 1940, but upon the request of counsel for defendant, and to suit his convenience, and for no other reason, the matter was set for trial and trial was had on the 20th day of May, 1940, at which time, and no sooner, did plaintiff discover that the lessee and operator of said building and the entity primarily liable herein is the defendant National Theatres Syndicate of California.

"That by reason of the premises defendant National The-

atres Syndicate of California induced plaintiff to rely, and intended that plaintiff should rely, and she did rely on the apparent fact that defendant Redwood Theatres, Inc., was the operator of said business; that all the foregoing occurred and transpired prior to the 17th day of April, 1940; that plaintiff will suffer damage by reason of said conduct on the part of said defendant National Theatres Syndicate of California if said defendant be allowed to plead the bar of the Statute of Limitations, which in fair dealing and good conscience it should not be allowed so to do.''

■ It is the rule that:

"If one by fraudulent acts or misrepresentations induces another to delay bringing suit upon his cause of action until after the expiration of the statutory period, he is estopped to take advantage of the defense that the cause of action is barred. To have this effect it must appear that the misrepresentation was one of fact, unless there exists a confidential relationship between the parties, that the misrepresentation was relied on, and that diligence to ascertain the truth was used.'' (16 Cal. Jur., pp. 576, 577, sec. 172.)

In *Robbins* v. *Law*, 48 Cal. App. 555-562 [192 Pac. 118], it is said:

"Where no confidential relation exists, it is the duty of one setting up the estoppel to show, not only reliance upon the fraudulent misrepresentation, but also diligence in using the means at command, or by inquiry, to ascertain the truth. In this connection it must appear that in relying upon it he acted as a reasonably prudent person would act, and was not guilty of negligence or carelessness. Thus it is held in *Moore* v. *Boyd*, 74 Cal. 167 [15 Pac. 670], that where the Statute of Limitations runs from the date of the discovery of the fraud the statute will commence to run from the date that the fraud should have been discovered by a man of ordinary prudence under the circumstances and with the means of knowledge readily available to him. (See, also, 25 Cyc. 1216, 1213, and cases cited; 16 Cyc. 738, and cases cited.)''

■ In the case before us defendants are claimed to be estopped, not by any misrepresentations they may have made, but by their failure to disclose the facts. In other words, estoppel is based upon their silence, and the following principle of law is therefore involved:

"An estoppel may arise also from silence as well as from words or conduct. But this is only where there is a duty to

speak, and where the party upon whom such duty rests has an opportunity to speak, and, knowing that the circumstances require him to speak, remains silent. The ground upon which the estoppel in such case rests is that the conduct of the party constitutes an implied representation of the truth of the state of facts in question. And as in other cases, there must be something wilful or culpable in the silence, which allows another to place himself in an unfavorable position on the faith or understanding of a fact which the person remaining silent can contradict; and the circumstances attending the entire transaction must be such as to make it reasonably probable that the person seeking to set up the estoppel has suffered prejudice by the other's unreasonable acquiescence." (10 Cal. Jur., sec. 16, pp. 631, 632.)

In *Verdugo Canon Water Co.* v. *Verdugo,* 152 Cal. 655-674 [93 Pac. 1021], it is said:

"A mere passive acquiescence where one is under no duty to speak, does not raise an estoppel."

As stated in the case of *Newhall* v. *Hatch,* 134 Cal. 269-274 [66 Pac. 266, 55 L. R. A. 673]:

"Mere silence on the part of a party will not create an estoppel, unless he was under some obligation to speak, and a party invoking such estoppel must show that it was the duty of the other to speak, and that he has not only been induced to act by reason of such silence, but that the other had reasonable cause to believe that he would so act."

Turning to the facts alleged, we do not believe them sufficient to establish an estoppel. Plaintiff sued the Redwood Theatre, alleging that it negligently caused a slippery substance to be placed upon the sidewalk in front of the State Theatre. After the one year statute of limitations had run, the trial was had. It was then disclosed that said theatre was operated by National Theatres, and plaintiff concluded that she had commenced an action against the wrong party. To excuse her mistake, she states that defendants "allowed" her to believe that Redwood Theatres operated the theatre. It is not charged that plaintiff was led to believe such fact by any positive act of defendants, nor is it alleged that the question was ever put to either defendants as to which corporation was operating the theatre. The defendants were under no duty to volunteer the information. "It is a general principle that if the means of knowledge be at hand, and equally available to both parties, and the subject-matter be open to inspection

of both alike, and there be no fiduciary or confidential relation, and no warranty of the facts, the injured party must show that he has availed himself of the means of information existing at the time of the transaction before he will be heard to say that he was deceived by the misrepresentations of the other party. The fraud must have been practiced under such circumstances as to leave a reasonable inference that the injured party was deceived, and if the circumstances attending the transaction are such as to put a reasonable person upon inquiry, there can be no presumption of deceit." (*Champion* v. *Woods,* 79 Cal. 17-20, 21 [21 Pac. 534, 12 Am. St. Rep. 126].)

Here, the means of knowledge open to plaintiff was open at all times. A mere inquiry would suffice. The case of *Phillips* v. *Aluminum Company of America,* 256 Pa. 205 [100 Atl. 750], while not involving estoppel, has the following to say concerning the duty to speak in a situation where the suit has been brought against the wrong party:

"Defendant might have volunteered the statement that the wrong party had been sued, and for that matter it might have disclaimed all responsibility in connection therewith. But, as this was prior to the practice act of May 14, 1915 (P. L. 483), we cannot say that defendant was under any legal duty to give such notice."

Furthermore, the answer of defendants Redwood Theatres and Brown, filed January 31, 1940, *which was several months prior to the running of the statute,* denied that Redwood Theatres operated the State Theatre. Appellant questions the foregoing statement, claiming that the denial is a negative pregnant. We believe the denial was plain enough to put the fact in issue. This should have put plaintiff upon inquiry regarding the real situation.

The judgment is affirmed.

Thompson, Acting P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 27, 1942. Houser, J., and Carter, J., voted for a hearing.