[Civ. No. 453. Fifth Dist. June 3, 1965.]

BLANCHE E. KUNSTMAN, Plaintiff and Appellant, v. BARBARA ANN MIRIZZI et al., Defendants and Respondents.

Orly O. Davis for Plaintiff and Appellant.

Frederic A. Jacobus and Robert E. Bradstreet for Defendants and Respondents.

BROWN (R. M.), J.—Plaintiff appeals from a judgment dismissing her third amended complaint for damages for personal injuries assertedly sustained by her after a demurrer interposed by the defendants was sustained without leave to amend on the ground that the action was barred by the one-year statute of limitations embodied in section 340, subdivision 3, of the Code of Civil Procedure.

Plaintiff, a Utah resident, sustained injuries in an accident on September 26, 1962, which occurred on a public highway in Visalia, California. By appropriate allegations in her complaint filed January 23, 1964, plaintiff seeks to recover damages from the defendant driver on the theory of direct negligence, and from the defendant owner on the theory of agency and permissive use. ■■■ By paragraph X of her complaint she alleges certain facts which she contends estop the defendants from raising the bar of the statute of limitations. In substance, these facts are: That she engaged an attorney in Ogden, Utah, who was contacted on November 29, 1962, by an employee of an insurance company which covered the defendants' liabilities; that the adjuster for this company told her attorney that this was a case which their principal would settle and that if the attorney would get together the figures on the car damages and a medical report, the liability was clear and it was only a question of how much; that on January 28, 1963, the adjuster asked for a medical report; that again on March 5, 1963, counsel was contacted for a medical report, and the adjuster was advised that the plaintiff's condition had not yet "bottomed out" and that a medical report would be furnished as soon as her condition appeared to come to rest; that on July 25, 1963, counsel wrote the adjuster commenting on the developments regarding plaintiff; that the offices of her attorney and the adjuster's company were located near each other and the attorney and the adjuster had numerous conversations by telephone and otherwise concerning the case; that her attorney advised the adjuster of their inability to furnish a medical report which

carried a prognosis and the adjuster reaffirmed his principal's position that this "is a case that we will settle" as soon as the medical information is available. The complaint went on further to state that on August 2, 1963, the plaintiff saw a doctor and was scheduled to see him again on September 11, 1963, and that after the latter date they hoped to have a prognosis report; that after September 11, 1963, the adjuster still advised counsel that the company would like to get the case settled and would like to get a medical report as soon as possible; that on October 14, 1963, the adjuster told the attorney for plaintiff that he had been instructed to return the file inasmuch as the company intended to rely on the running of the statute of limitations and there would be no further effort to compromise the case. The plaintiff alleged that this conduct lulled her attorney into a sense of security which caused him to defer the filing of a complaint in the belief that the cause of action would be settled and she was thus induced to withhold such filing within the period of the proper statute of limitations, and that the defendants were estopped by this conduct from pleading the statute of limitations.

The parties do not question the fact that where the complaint shows upon its face that the statute of limitations has run the plaintiff may anticipate the defense of limitation of the action and allege facts to establish an estoppel. (2 Witkin, Cal. Procedure (1954) Pleading, § 197, p. 1175; § 481, p. 1466.)

Plaintiff argues that such matters as are set forth in the pleadings present a question of fact and not a question of law, and she relies on the case of *Industrial Indemnity Co.* v. *Industrial Acc. Com.*, 115 Cal.App.2d 684, at page 690 [252 P.2d 649], which so holds. In that case, however, the court was reviewing an award of the Industrial Accident Commission made after a full hearing on conflicting evidence. The Supreme Court, in *California Cigarette Concessions, Inc.* v. *City of Los Angeles*, 53 Cal.2d 865, 868 [350 P.2d 715], in discussing estoppel to rely upon the statute of limitations, said : "When ... the facts are undisputed, the existence of an estoppel is a question of law."

The primary issue is whether or not the complaint alleges sufficient facts to estop defendants from relying on the statute of limitations to bar the action by means of a demurrer.

Plaintiff relies on *Carruth* v. *Fritch*, 36 Cal.2d 426 [224 P.2d 702, 24 A.L.R.2d 1403], and quotes from page 433 where

the court, quoting from the case of *Howard* v. *West Jersey & S. R. Co.*, 102 N.J. Eq. 517 [141 A. 755, 757-758], states: " 'One cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought.' "

In the *Carruth* case a previously executed release by the plaintiff was involved, and the defendant advised that he would see that she recovered additional medical expenses etc., and then after the statute of limitations had run the defendant declined to pay such expenses. There, the court held that the plaintiff was lulled into a false sense of security by the fraudulent statements made to her, and stated at page 434, ". . . these promises were made with no intention that they would be performed."

In *Miles* v. *Bank of America etc. Assn.*, 17 Cal.App.2d 389, 398 [62 P.2d 177], the court quotes from volume 37, Corpus Juris, Limitations of Actions, where it is stated in section 44, at pages 725-726 : "But the prevailing rule is that the doctrine of equitable estoppel may in a proper case be invoked to prevent defendant from relying upon the statute of limitations, it being laid down as a general principle that, when a defendant electing to set up the statute of limitations has previously by deception or any violation of duty toward plaintiff, caused him to subject his claim to the statutory bar, he must be charged with having wrongfully obtained an advantage which the court will not allow him to hold. Thus defendant will be estopped to set up the statute of limitations in bar of plaintiff's claim when the delay which would otherwise give operation to the statute has been induced by the promise or representation that the statutory bar would not be interposed, or by inducing plaintiff to believe that an amicable adjustment of the claim will be made without suit, or by other forbearance to sue induced by defendant, or by defendant's husband as her agent."

In *Benner* v. *Industrial Acc. Com.*, 26 Cal.2d 346, the court said at pages 349-350 [159 P.2d 24] : "To create an equitable estoppel, 'it is enough if the party has been induced to *refrain* from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved himself from loss.' (3 Pomeroy Eq. Jur. (5th ed.) § 812, p. 233.)"

It is unnecessary for the plaintiff to allege actual fraud.

See *Industrial Indem. Co.* v. *Industrial Acc. Com., supra,* 115 Cal.App.2d 684, 690, and *Van Hook* v. *Southern Cal. Waiters Alliance,* 158 Cal.App.2d 556, 569 [323 P.2d 212], for the proposition that actual fraud in the technical sense, bad faith, or an intent to mislead, are not essential to create such an estoppel.

The rule is further set out in *Wright* v. *Redwood Theatres, Inc.,* 49 Cal.App.2d 403, 407 [121 P.2d 756], where it is said: " 'If one by fraudulent acts or misrepresentations induces another to delay bringing suit upon his cause of action until after the expiration of the statutory period, he is estopped to take advantage of the defense that the cause of action is barred. To have this effect it must appear that the misrepresentation was one of fact, unless there exists a confidential relationship between the parties, that the misrepresentation was relied on, and that diligence to ascertain the truth was used.' (16 Cal.Jur., pp. 576, 577, § 172.) "

▉ Statutes of limitation are favored by the law (*Fontana Land Co.* v. *Laughlin,* 199 Cal. 625, 636 [250 P. 669, 48 A.L.R. 1308]), and the law does not favor estoppels, particularly where the party attempting to raise the estoppel is represented by an attorney at law.

In *California Cigarette Concessions, Inc.* v. *City of Los Angeles, supra,* 53 Cal.2d 865, 871, the Supreme Court, quoting from *Joseph George, Distributor* v. *Department of Alcoholic Beverage Control,* 149 Cal.App.2d 702, 712-713 [308 P.2d 773], said: " ' [W]here one acts with full knowledge of plain provisions of law, and their probable effect upon facts within his knowledge, especially where represented by counsel, he can neither claim (1) ignorance of the true facts or (2) reliance to his detriment upon conduct of the person claimed to be estopped, two of the essential elements of equitable estoppel.' "

The plaintiff's general conclusion is that she and her attorney were led to believe that the case would be settled and the only question was "how much." ▉ Such is inconsistent with the wording of the complaint itself in that when the third amended complaint was filed almost two years after the accident the plaintiff alleged that she did not then know the amount of reasonable medical costs and expenses and did not know how much they would be in the future.

In this case there were no affirmative promises made, according to the complaint, by the adjuster as to tolling the statute of limitations; no representations were made amounting

to fraud or constructive fraud, and particularly as far as "how much," if any, would be paid in the settlement; nor is there any confidential or fiduciary relationship.

In fact, the burden was placed upon the plaintiff to furnish the insurance company with a medical report and to submit a figure as to "how much." She was being protected by an attorney, who is charged with knowledge of the law in California as far as the statute of limitations is concerned even though he may practice in other states such as Utah. To permit one who has knowledge of the law to attempt to negotiate a settlement and subsequently plead estoppel would not only destroy the effect of the legislative statutes of limitation but would seriously impair the climate and effectiveness of the present method of encouraging settlement without litigation.

The complaint fails to allege any misrepresentations or promises on the part of the adjuster sufficient in law to support plaintiff's claim that she was induced to delay the filing of her complaint in reliance thereon. The pleading admits the fact of the awareness that the plaintiff had a claim.

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.