**HUGO STINNES STEEL AND METALS COMPANY (DIVISION OF HUGO STINNES CORPORATION), Plaintiff,**

v.

**S. S. ELBE OLDENDORFF, her engines, boilers, etc., et al., Defendants.**

No. 71 Civ. 5692.

United States District Court, S. D. New York.

Sept. 19, 1973.

Hill, Rivkins, Warburton, McGowan & Carey, New York City, for plaintiff.

METZNER, District Judge:

Plaintiff moves pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Southern District of Georgia, Savannah Division.

Section 1404(a) provides that a civil action may be transferred "for the convenience of parties and witnesses, in the interest of justice, . . ."

The complaint in this action was filed on December 29, 1971, shortly before the running of the one-year statute of limitations under COGSA (46 U.S.C. § 1303(6) (1970)). Although nearly two years have gone by, no one has as yet been served. The obvious object of the motion is to keep the action alive under the original date of filing.

The affidavit submitted in support of the motion states that service of process on the defendants will be possible under the long arm statutes of Georgia, since that was the place of discharge of the cargo. Furthermore, personal service might be possible since, presumably, agents were present in that district to deal with the discharge. The affidavit goes on to state that the cargo surveyors and inspectors who dealt with this matter are located in Savannah, Georgia.

In any event, a new action cannot be instituted in Georgia at this time because the statute of limitations has long since run.

Normally, Section 1404(a) is availed of by defendants by way of a motion in

which the plaintiff's choice of forum is given great weight. We have no defendants here since none have been served.

 It appears to me that Section 1404(a) was not intended to be used to bail out a plaintiff in circumstances such as are present here. The "interest of justice" is not served in subjecting parties to the defense of a stale claim. The whole purpose of the statute of limitations would be negatived if this motion were granted. The holding in Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), is not applicable here. In that case service, albeit ineffective, was made on the defendants prior to the running of the statute of limitations. The statute ran during the prolonged proceedings initiated by defendants to avoid suit.

The motion is denied.

So ordered.