Fred S. Clark, Lee & Clark, Savannah, Ga., for plaintiff.

Gustave R. Dubus, III, Chamlee, Dubus & Sipple, Savannah, Ga., for defendants.

**HUGO STINNES STEEL AND METALS COMPANY (DIVISION OF HUGO STINNES CORPORATION), Plaintiff,**

v.

**Egon OLDENDORFF and Atlantic Shipping Company, S.A., Defendants.**

**Civ. A. No. 3226.**

United States District Court,
S. D. Georgia,
Savannah Division.

March 14, 1974.

See also, D.C., 363 F.Supp. 1391.

SECOND ORDER OF DISMISSAL

LAWRENCE, Chief Judge.

This is an action for damage to goods during ocean transit. It was filed nearly three years after delivery of the cargo at Savannah. Is the suit barred by the one-year period for commencing suit prescribed by the Carriage of Goods by Sea Act where an action between the same parties for such damage is pending in the District Court for the Southern District of New York, timely brought but never served, in which that Court denied plaintiff's motion to transfer the case to this District pursuant to 28 U.S. C. § 1404(a)?

On October 31, 1973, plaintiff (Hugo Stinnes) brought suit in the State Court of Chatham County against defendants for recovery of cargo damage in the amount of $45,159.86. It was alleged that the defendants are engaged in business as common carriers of merchandise by water and that on or about December

15, 1970, coils of galvanized steel were delivered for shipment from Antwerp to Savannah. The goods arrived at destination with damage by water as the result of breach of their obligations as common carriers. While the date of delivery at destination is not alleged, it is conceded that the cargo was delivered on January 4, 1971.

Service was perfected in the action in the State Court upon Atlantic Shipping Company by serving its Agent. No service has been obtained against Egon Oldendorff. The action was removed to this Court on the ground of diversity by Atlantic Shipping Company. It then moved to dismiss on the ground that same is barred by the one-year limitation in COGSA. 46 U.S.C. § 1303(6).

Oral argument was had on the motion to dismiss and letter briefs were filed. At that time this Court was entirely unaware that a similar action was pending in the Southern District of New York. Plaintiff's counsel did not rely on any tolling factor. Instead, he argued that under the Saving to Suitors Clause (28 U.S.C. § 1333) the State Court had concurrent jurisdiction with admiralty in an *ex delicto* action arising in navigable waters and that the action is governed by the four-year Georgia statute rather than the one-year limitation of COGSA, being a suit for negligent tort rather than one on the bill of lading.

On January 10, 1974, I dismissed the action on the ground that it is barred by the statute of limitations. The decision was based largely on J. B. Effenson Company v. Three Bays Corporation, Ltd., 238 F.2d 611, 615 (5th Cir.). Plaintiff contended that Florida's five-year limitation for breach of contract, rather than the COGSA limitation, applied in view of the fact that jurisdiction of the federal court was based on diversity of citizenship. The Court of Appeals for the Fifth Circuit disagreed. It said:

"To hold that a plaintiff, entitled to elect his forum as between a Federal court, sitting in admiralty, and a court of common law, either state or federal, has a right to elect whether the liability of the defendant shall be determined by the maritime law or by the common law standards of the state would defeat the uniformity which the Constitution requires in such cases."[1]

After dismissal of the action, Hugo Stinnes amended its complaint. It reiterated that negligence by the defendants in loading, carrying and unloading the goods resulted in the damage sued for. I wrote to counsel on January 18th requesting memoranda as to whether the one-year limitation under COGSA could be avoided by waiving the right to sue on the contract (bill of lading) and proceeding in tort. On the same date, Hugo Stinnes filed a Notice of Appeal from the Order entered in this Court on January 10, 1974.

At this point, I learned for the first time from counsel for plaintiff that an action under COGSA between the same parties for the same cargo damage and under the same bill of lading was pending in the United States District Court, Southern District of New York. It had been pending there since December 29, 1971. In view of the possible tolling effect I suggested that the Notice of Appeal, which had not been yet docketed in the Circuit Court, be dismissed and that this Court reconsider the question of limitations in the light of the effect of the pendency of the COGSA action in New York. Hugo Stinnes amended its complaint by alleging that the suit in New York was still pending. Subsequently, there was a stipulation by coun-

1. See also Chelentis v. Luckenbach S.S. Company, Incorporated, 247 U.S. 372, 384, 38 S. Ct. 501, 62 L.Ed. 1171; Singer Hosiery Mills of New York, Inc. et al. v. Cunard White Star, Limited (Mun.Ct., N.Y.City), 199 Misc. 389, 102 N.Y.S.2d 762, 765; The Crispin Company v. J. R. Shipping Company, Ltd. (City Court of Savannah, 1967, No. 58905), general demurrer sustained on COGSA limitations issue; Francosteel Corp. v. N. V. Nederlandsch, 249 Cal.App.2d 880, 57 Cal. Rptr. 867; cert. denied, 389 U.S. 931, 88 S. Ct. 293, 19 L.Ed.2d 282; Malcom Baxter, Jr., 277 U.S. 323.

sel as to dismissal of the appeal. Meanwhile, the defendant renewed its motion to dismiss.

In 1973 American Maritime Cases, 2087, 363 F.Supp. 1391, the decision of Judge Metzner of the Southern District of New York is reported in respect to plaintiff's § 1404(a) motion to transfer the case in the "interest of justice" to the Southern District of Georgia where service could be effected. His opinion shows that as late as September 19, 1973, no service had been obtained in the action brought in New York and that none was possible in that jurisdiction. The District Judge pointed out that the "obvious object of the motion is to keep the action alive under the original date of filing." He added: "In any event, a new action cannot be instituted in Georgia at this time because the statute of limitations has long since run." In denying the motion to transfer, the New York court held that § 1404(a) was not intended to be used to bail out a plaintiff under such circumstances and that the "interest of justice" would not be served "in subjecting parties to the defense of a stale claim." [2]

The Clerk of Court for the Southern District of New York advises that the action in that jurisdiction is still pending, has not been dismissed and has not been served upon the defendants.

■ Reason would seem to tell us that a new and distinct action brought in another jurisdiction between the same parties on the same claim in which suit is pending be treated as an independent action for purposes of the statute of limitations. Extensive search, however, has turned up no authority holding in so many words that pendency of an unserved action in a United States district court tolls the period of limitation as to an untimely suit for the same claim brought in another federal district court. The dearth of precedent is probably due to 28 U.S.C. § 1404(a) which was intended to avoid the danger of an action being barred as a result of being forced to commence another suit in the appropriate federal forum. See Orzulak v. Federal Commerce and Navigation Company, Ltd., D.C., 168 F.Supp. 15, 18.

However, the application of § 1404(a) in the federal courts has produced formidable dicta to the effect that the second action is barred by the statute of limitations where a motion to transfer under § 1404(a) is denied in a suit pending elsewhere on the same claim. To begin with, there is the flat statement by the district judge in New York that "a new action cannot be instituted in Georgia at this time because the statute of limitations has long since run." 1973 A.M.C. at 2087, 363 F.Supp. at 1391. Similarly, in Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514, 517 (4th Cir.) it was said:

"If a libellant has filed a libel in one district, thinking that a vessel will be found there, and later finds that the vessel is in another district where the libel could have been filed, there is no reason why the proceedings should not be transferred to the latter instead of being dismissed, with the necessity upon libellant of starting all over again. Especially is this true, where, as here, the new proceeding would be barred by the statute of limitations."

"[T]he plaintiff would be barred by the statute of limitations if the transfer is denied . . . ." Orzulak, supra, 168 F.Supp. at 18. To like effect is the language in United States v. Berkowitz, 328 F.2d 358, 360 (3rd Cir.): " . . . the action in the Eastern District cannot be further prosecuted since the defendant cannot be properly served there, and the defendant can assert the statute of limitations as a defense to a new suit elsewhere." In Callan v. Lillybelle, Ltd., 39 F.R.D. 600, 603 (S.D., N.Y.) the Court said that "the action may be transferred to a district where personal jurisdiction can be obtained to preserve

2. For a similar holding by this Court see Parham v. Edwards, 346 F.Supp. 968; aff'd 470 F.2d 1000 (5th Cir.).

plaintiff's claim where no new action could be filed because the statute of limitations has run." In another case the comment appears: "If defendants' motion to dismiss were granted plaintiffs would be forever barred from an adjudication of their case on the merits because of the expiration of the relevant period of limitations." Founds v. Shedaker, 278 F.Supp. 32, 33 (E.D., Pa.).

Plaintiff relies principally on Burnett v. New York Central Railroad Company, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941. There an FELA action was filed in a United States court after the three-year period. The Supreme Court held that the statute of limitations was tolled by the pendency of a timely-brought action by the employee in a State court which was properly served but filed in an improper venue. While *Burnett* is analogous in a broad sense, it must be evaluated and read in the light of the statute involved. That case did not present a situation where the district court in which the COGSA action was timely filed but was not served has discretionary power to transfer the suit in the interest of justice to a district where a civil action might have been brought. 28 U.S.C. § 1404(a).

In Judge Metzner's Order of September 19, 1973, he said that "The whole purpose of the statute of limitations would be negatived if this motion [to transfer] were granted." See Hugo Stinnes Steel and Metals Company v. S. S. Elbe Oldendorff, Egon Oldendorff and Atlantic Shipping Company, S. A., 1973 A.M.C. at 2088, 363 F.Supp. at 1392.

Such is even clearer as to the Savannah aspect of this litigation. Here we have a consignee which filed a COGSA action in New York. Because of inability to perfect service there, it sought transfer of the litigation to this jurisdiction. Plaintiff's § 1404(a) motion was denied by Judge Metzner.

Four years after the cargo damage occurred and three years after the litigation was filed in New York, Hugo Stinnes brought this new and distinct action in this District, claiming that the statute has not run because of the pendency of the unserved suit in New York. That contention is feckless. Perhaps the best authority for this characterization is the motion that plaintiff filed in 1973 in the Southern District of New York seeking a transfer of the case to Savannah. Counsel said: "This action would be barred by the one year statute of limitation provision in the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1300 et seq. were it necessary to commence a new action there."

 The contention is equally meritless that if an action is filed in the courts of Georgia based on the carrier's negligent handling of the cargo rather than on the bill of lading itself and the Carriage of Goods by Sea Act, the four-year period of limitation of this State would be applicable by virtue of the Saving to Suitors Clause.

The renewed Motion to Dismiss is treated as one for summary judgment pursuant to Rule 12(b). Same is granted and the amended complaint is dismissed as to Atlantic Shipping Company.